UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-329-RJC-DSC

| | |
|---|---|
| JOHN J. REILLY and JRK TRUST, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| BANK OF AMERICA, PEOPLES HOME ) | |
| EQUITY and SUBSTITUTE TRUSTEES ) | |
| SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Plaintiffs' Emergency Motions to Stay, (Doc. No. 3), filed on June 3, 2013. Although filed as a motion to stay, given the speed with which the Court has been requested to act and the lack of notice to Plaintiffs' adversaries, the instant Motion is in essence one for a temporary restraining order ("TRO"). See FED. R. CIV. P. 65. The purpose of such a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974).

In Plaintiffs' brief Motion, they allege that "Defendants have unlawfully taken foreclosure action on title and property" and state that the foreclosure sale is scheduled for June 12, 2013. (Doc. No. 3). Plaintiffs further state that they "seek to protect their property and have made an 'ADVERSE CLAIM' on the Security by recorded CLAIM INSTRUMENT # 011934960004 (Payment Bond) recorded in Rowan County Registry of Deeds May 3rd, 2013." (Id.). Thus, it appears to the Court that Plaintiffs' Motion requests the Court's intervention in an

ongoing state foreclosure action.

The Court may not consider the merits of Plaintiffs' Motion if it lacks subject matter jurisdiction over their case. "The Rooker–Feldman doctrine . . . prohibits 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" Adkins v. Rumsfeld, 464 F.3d 456, 463 (4th Cir. 2006) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam)). In the context of a state court foreclosure proceeding, Rooker–Feldman prohibits claims brought in federal court that may "succeed only to the extent that the state court wrongly decided the foreclosure action." Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir. 1996). District courts within the Fourth Circuit have consistently reached the same conclusion. See, e.g., Turner v. E. Savings Bank, FSB, No. 09-cv-2637, 2010 WL 1409858, at *3 (D. Md. Apr. 2, 2010); Brumby v. Deutsche Bank Nat. Trust Co., No. 1:09cv144, 2010 WL 617368, at *3-4 (M.D.N.C. Feb. 17, 2010); Lawson v. Allegacy Fed. Credit Union, No. 1:08cv832, 2009 WL 3381532, at *2 (M.D.N.C. Oct. 16, 2009); Nott v. Bunson, No. 09cv2613, 2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

Plaintiffs' Motion implies that the Rowan County Superior Court issued an order allowing Defendants to conduct a foreclosure sale of Plaintiffs' property. Under North Carolina law, an Order Permitting Foreclosure is a final "judicial act" that may be appealed to the appropriate state court within ten days of its entry. N.C. GEN. STAT. § 45-21.16(d1). It is therefore apparent that the Court is without jurisdiction to grant the relief sought by Plaintiffs' Motion, because doing so would effectively invalidate a final order issued in a state court foreclosure proceeding. If Plaintiffs wish to continue litigating the foreclosure proceeding brought against them in state court, they must do so in that forum.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' Emergency Motions to Stay, (Doc. No. 3), is **DENIED**.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge