IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:13CV329-RJC-DSC

| | |
|---|---|
| JOHN J. REILLY, et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, et. al., )<br>)<br>Defendants, )<br>) | **MEMORANDUM AND RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on Defendant Peoples Home Equity's "Motion to Dismiss" (document #11) filed June 24, 2013; Defendant Bank of America's "Motion to Dismiss" (document #13) filed June 25, 2013; Defendant Substitute Trustee Services, Inc.'s "Motion to Dismiss" (document #18) filed July 18, 2013; Plaintiffs' "Statement of Claim and Amendment to Complaint" (document #24) filed August 15, 2013; Defendant Substitute Trustee Services, Inc.'s "Motion to Strike" (document #25) filed August 27, 2013; Defendant Bank of America's "Motion to Strike" (document #27) filed August 28, 2013; Defendant Peoples Home Equity's "Motion to Dismiss" (document #28) filed August 29, 2013[1]; "Plaintiffs' Motion to Compel Production of Documents" (document #31); as well as the parties' associated briefs and exhibits. See documents ##11-1, 12, 13, 17, 19, 20, 21, 23, 26, 27-1, 28-1, 29, 30 and 32.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

---

[1]The Court is treating Defendant Peoples Home Equity's second "Motion to Dismiss" (document #28) as a motion to strike Plaintiffs' "Statement of Claim and Amendment to Complaint" (document #24).

1

This matter involves the foreclosure of a deed of trust on real property located in Rowan County, North Carolina. The Complaint alleges that on December 23, 2010, Plaintiff Reilly obtained a home loan from Defendant Peoples Home Equity, Inc. ("PHE") for the purchase of property located at 8363 Old Beatty Ford Road in Rockwell, North Carolina ("the Property"). Plaintiffs attach a note ("Note") and deed of trust ("Deed of Trust" and collectively with the Note "the Loan") executed by Reilly for a $248,535.00 loan from Defendant PHE. The Note reflects that it was endorsed to Defendant Bank of America on December 29, 2010.

The Complaint identifies Richard Broyles as the Trustee for Plaintiff JRK Trust. ("the Trust"). On or about May 3, 2013, Plaintiffs recorded documents with the Rowan County Register of Deeds purporting to transfer the Property to the Trust. These documents reflect Plaintiff Reilly's intent to "discharge and release [] any security interest or liens (Deed of Trust or Mortgage Assignments)." Plaintiffs also state that they have submitted an "Adverse Claim" under "UCC 3-305" and have filed a UCC "Financing Statement."[2]

The Court takes judicial notice[3] that on January 9, 2013, the Rowan County Clerk of Court entered an order for sale of the property. See Document #7-2. On February 25, 2013, Superior Court Judge W. Erwin Spainhour entered an order denying appeal confirming the order

---

[2] It appears that Plaintiffs' Complaint is based on the "Redemptionist" theory described by the Third Circuit Court of Appeals in Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008). In 2010, the U.S. District Court for the District of Connecticut provided a comprehensive analysis of "Redemptionist" tenets in McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 210 (D. Conn. 2010). As noted in McLaughlin, adherents of "Redemptionist" theory believe that (1) they can free themselves from debt by filing UCC financing statements, (2) banks deal in "unlawful money" or "vapor money" and their loans are mere credit that need not be repaid, and (3) they are entitled to be paid the face value of their promissory note because they received no value in the exchange. Id. at 20-36; see also Barber v. Countrywide Home Loans, Inc., No. 2:09CV40, 2009 U.S. Dist. LEXIS 123939, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009).

[3] It is well established that this Court may take judicial notice of the foreclosure proceeding as part of this Motion. See, e.g., Charlotte-Mecklenburg Board of Educ. V. Schenkel & Shultze, Inc., 2006 U.S. Dist. LEXIS 38862 *6-7 (W.D.N.C. June 12, 2006) ("when entertaining a motion to dismiss on the grounds of res judicata a court may judicially notice facts from a prior judicial proceeding.") (taking judicial notice of rulings in a related Mecklenburg County Superior Court action).

for sale.  See Document #7-3.

Plaintiffs allege claims for "Breach of Trust," "Fraud in their contract," "Grand Larceny," and "Securities Fraud."

Plaintiffs' Complaint is barred by the Rooker-Feldman doctrine which prohibits actions attacking state court judgments in federal court. This doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the losers ... rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).  Whether evaluated as an attack on the Clerk's Order, Judge Spainhour's Order, or the underlying foreclosure proceeding, the Rooker-Feldman doctrine bars Plaintiffs' action.

On August 15, 2013, Plaintiffs' filed their "Amendment to Complaint." Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within twenty-one (21) days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or, "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B).

Plaintiffs did not file their "Amendment to Complaint" within twenty-one days of receiving the Defendants' initial Motions to Dismiss.  Accordingly, they may amend their Complaint only with leave of Court.

The Fourth Circuit has stated that "under Rule 15(a) leave to amend shall be given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." U.S. v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999).

As Defendants argue in their Motions to Strike, even if Plaintiffs properly sought leave to amend, their purported amendment would also be barred by the Rooker-Feldman doctrine and is, therefore, futile.

For these reasons, as well as the other reasons stated in Defendants' briefs, the Court will grant their Motions to Strike Plaintiff's "Amendment to Complaint." Further, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant Substitute Trustee Services, Inc.'s "Motion to Strike" (document #25) and Defendant Bank of America's "Motion to Strike" (document #27) are **GRANTED**. Plaintiffs' "Statement of Claim and Amendment to Complaint" (document #24) is **STRICKEN**.

2. "Plaintiffs' Motion to Compel Production of Documents" (document #31) is **DENIED**.

3. All further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant Peoples Home Equity's "Motion to Dismiss" (document #11), Defendant Bank of America's "Motion to Dismiss" (document #13), Defendant Substitute Trustee Services, Inc.'s "Motion to Dismiss" (document #18), and Defendant Peoples Home Equity's "Motion to Dismiss" (document #28) be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs, to counsel for the remaining parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: September 20, 2013

David S. Cayer
United States Magistrate Judge