UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-329-RJC-DSC

| | |
|---|---|
| JOHN J. REILLY, et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| BANK OF AMERICA, et. al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is brought to this Court following a series of filings including the following:

* Defendant Peoples Home Equity's Motion to Dismiss (Doc. No. 11)

* Defendant Bank of America's Motion to Dismiss (Doc. No. 13)

* Defendant Substitute Trustee Services, Inc.'s Motion to Dismiss (Doc. No. 18)

* Defendant People's Home Equity's Motion to Dismiss (Doc. No. 28)[1]

* The parties respective briefs and exhibits[2]

* The Magistrate Judge's Memorandum and Recommendation (Doc. No. 34)

* Plaintiff's Objections to the Memorandum and Recommendation (Doc. No. 35)

* Defendants' respective Replies to Plaintiff's Objections (Doc. Nos. 36-37)

* Plaintiff's Surreply (Doc. No. 38)

* Plaintiff's Motion in Replevin to Sequester Promissory Note (Doc. No. 39).

---

[1] This Court follows the Magistrate Judge in treating Defendant Peoples Home Equity's second Motion to Dismiss (Doc. No. 28) as a motion to strike Plaintiff's Statement of Claim and Amendment to Complaint (Doc. No. 24).
[2] See, Doc. Nos. 11-1, 12, 13, 17, 19, 20, 21, 23, 26, 27-1, 28-1, 29, 30, and 32.

1

> \*      Bank of America's Response to Motion in Replevin (Doc. No. 40)
>
> \*      Plaintiff's Reply to Response (Doc. No. 42)

I.    **BACKGROUND**

On September 20, 2013, the Magistrate Judge issued a Memorandum and Recommendation (M&R) which this Court now reviews.  (Doc. No. 34).  Specifically, the Magistrate Judge recommended granting Defendants' respective motions to dismiss and stayed proceedings pending a final ruling by this Court on this matter. (Doc. No. 34).

Additionally, the Magistrate Judge granted Defendant Trustee Services, Inc.'s Motion to Strike (Doc. No. 25) and Defendant Bank of America's Motion to Strike (Doc. No. 27).  In so ruling, the Magistrate Judge struck from consideration Plaintiff's Statement of Claim and Amendment to Complaint.  (Doc. No. 24).  Finally, the Magistrate Judge denied Plaintiff's Motion to Compel Production of Documents.  (Doc. No. 31).

Plaintiff filed timely objections to the M&R. (Doc. No. 35).  Defendants filed various replies to the objections, and Plaintiff filed a surreply.  (Doc. Nos. 36-38).

Finally, on November 20, 2013, despite the stay ordered by the Magistrate Judge, Plaintiff filed a Motion in Replevin to sequester the original promissory note.  (Doc. No. 39). Defendant Bank of America filed a response in opposition to this motion, to which Plaintiff replied.  (Doc. Nos. 40, 41).

These matters are now ripe for review.

II.   **STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations."    28 U.S.C. §

636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id.

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. P. 72(b). Plaintiff, who is proceeding pro se, lodged several objections which were not entirely clear to the court on their own terms. On balance, it appears that Plaintiff has objected to the Magistrate Judge's recommendation that the Court is barred from hearing Plaintiff's claim under the Rooker-Feldman doctrine. Accordingly, the Court reviews the entirety of the M&R de novo.

### A. Rooker Feldman Doctrine

The issue in this case is whether the Court has subject matter jurisdiction over Plaintiff's claim. Where the Court has subject matter jurisdiction, it may hear the merits of a claim; if it lacks jurisdiction, it has no authority to hear the case. Arbaugh v. Y&H Corp, 546 U.S. 500, 506 (2006) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Congress has broadly authorized federal courts to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have no authority to hear appeals of the decisions of state courts; only the Supreme Court possesses such authority. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Additionally, federal district courts have no jurisdiction to "hear challenges to state court decisions on particular cases arising out of judicial proceedings" or to decide questions "inextricably intertwined" with state court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16, 486 (1983). These rulings form the basis of the Rooker-Feldman doctrine. Where it applies, it bars federal district courts from hearing cases.

Plaintiff contends that Rooker-Feldman does not apply to the instant case as it was brought under Federal Trade Commission Act (FTCA), specifically, 16 CFR 433.2, and that subject matter is proper under 28 U.S.C. § 1331. The FTCA, however, does not contain a private right of action and cannot provide a basis for a claim by an individual plaintiff. American Airlines v. Christensen, 967 F.2d 410 (10th Cir. 1992); Dreisbach v. Murphy, 658 F.2d 720 (9th Cir. 1981); Fulton v. Hecht, 580 F.2d 1243 (5th Cir. 1978), cert denied, 440 U.S. 981 (1979); King v. Wilmington Transit Co., 976 F.Supp 356 (1997).

Additionally, Plaintiff contends that he brings the action under section 3-305 of the Uniform Commercial Code (UCC). However, Article 3 of North Carolina's version of the UCC, not federal law, governs here and does not provide for jurisdiction under 28 U.S.C. § 1331. N.C. Gen. Stat. § 25-3-102. See Resolution Trust Corp. v. Maplewood Investments, 31 F.3d 1276 (4th Cir. 1994).

Notwithstanding the considerable difficulty the Court had reading Plaintiff's complaint

4

and discerning the specific nature of the claim, it is clear to the Court that the crux of the matter involves the foreclosure of a deed of trust on real property located in Rowan County, North Carolina. On January 9, 2013, the Rowan County Clerk of Court entered an order for sale of the property. (Doc. No. 13-2). On February 25, 2013, Superior Court Judge W. Erwin Spainhour entered an order denying appeal and confirming the order for sale.[3] (Doc. No. 13-3).

"[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). This prohibition extends not only to issues decided by a state court but also to those issues "inextricably intertwined with questions encompassed by such rulings." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1999). A federal claim is inextricably intertwined with a state court where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks omitted).

The entry of an order for sale by the Rowan Clerk of Court constituted a judicial act. "The act of the clerk . . . is a judicial act and may be appealed to the judge of district or superior court at any time within 10 days after said act." N.C. Gen. Stat. § 45-21.16(d)(1). Thereafter, Plaintiff appealed the decision to the North Carolina Superior Court who promptly denied Plaintiff's appeal. In short, Plaintiff could not obtain redress without this Court reviewing and

---

[3] Plaintiff objects to the consideration of materials not contained in depositions, admissions or affidavits. (Doc. No. 35 at 2). In motions to dismiss, courts may consider documents whose authenticity is not disputed by the parties such as official public records, documents central to the plaintiff's claim, and documents sufficiently referred to in the complaint. Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999).

5

overturning the decision of the North Carolina court. This is precisely what the Rooker-Feldman doctrine prohibits.

Finding that Plaintiff's claim is barred in federal district court under the Rooker-Feldman doctrine, the Court lacks jurisdiction to examine the merits of Plaintiff's claims and must dismiss the case. Accordingly, Defendants Motions to Dismiss (Doc. Nos. 11, 13, 28) are **GRANTED.** Additionally, Plaintiff's Motion for Replevin (Doc. No. 39) is **DENIED** as the court lacks subject matter jurisdiction to adjudicate matters pertaining to the original promissory note.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's M&R, (Doc. No. 34), is **ADOPTED** and Defendants' Motion to Dismiss, (Doc. No. 11, 13, 28), is **GRANTED.** The Court **DISMISSES** Plaintiff's Complaint. (Doc. No. 1). Plaintiff's Motion for Replevin (Doc. No. 39) is **DENIED.**

The clerk of court is directed to close this case.

Signed: January 15, 2014

Robert J. Conrad, Jr.
United States District Judge